**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

IN RE:                                                         CASE NO: 26-70057-M-13
NANCY MARTINEZ                                    CHAPTER 13
DEBTOR

**TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**
**AND**
**MOTION TO DISMISS OR CONVERT**

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

There will be a hearing on this motion on **May 11, 2026 at  2:00 pm** located at:

US Federal Courthouse
1701 W. Business Highway 83
Bentsen Tower, 10th Floor Courtroom
McAllen, TX  78501

You may attend in-person or virtually.  To attend virtually, you must connect by separate audio and video connections.  The audio connection is 832-917-1510.  The code is 999276.  The video connection is at gotomeet.me/JudgeRodriguez.  Click on the "Join the meeting" button, then click on the "Open Link" button. If it requests a passcode, type JudgeRodriguez.

Represented parties should act through their attorney.

YVONNE V. VALDEZ, Trustee, objects to Confirmation of Chapter 13 Plan and moves to dismiss the case or convert it to one under Chapter 7 pursuant to Fed. R. Bankr. P. 1017 and Local Bankruptcy Rule 1017-2 for the following reasons:

1.      Debtor(s) failed to provide the Trustee with documents requested, as required by 11 U.S.C. § 521(a)(3) and § 521(a)(4).

2.      The plan fails to provide for payment in full of the secured and priority claims within the term of the plan as required by 11 U.S.C. § 1325.

3.      Per review and testimony at the § 341 Meeting of Creditors, the Plan is inaccurate.

4.      The Official Form 122C filed by Debtor(s) is inaccurate.

#726

WHEREFORE, Trustee prays that the case be dismissed or converted to Chapter 7, whichever shall be determined in the best interest of creditors.

Dated: April 7, 2026

Respectfully Submitted,

/s/  Yvonne V. Valdez

YVONNE V. VALDEZ, Trustee
539 N. Carancahua, Suite 800
Corpus Christi, TX  78401-0823
(361) 883-5786 phone
(361) 888-4126 fax

#726

## CERTIFICATE OF SERVICE

I certify that on or about April 7, 2026, a copy of the foregoing pleading was served electronically on all parties requesting electronic notice or by United States Mail to the debtor, debtor's Counsel and all parties listed below:

/s/  Yvonne V. Valdez

Yvonne V. Valdez, Trustee

**Debtor**
NANCY R MARTINEZ
801 KERRIA AVE
MCALLEN, TX  78501

**Debtor's Attorney**
HOOMAN KHOSHNOOD
HOOMAN KHOSHNOOD LAW PC
505 E HUNTLAND DR STE 295
AUSTIN, TX  78752

**Parties Requesting 2002 Notice**

LINEBARGER GOGGAN BLAIR
& SAMPSON LLP
PO BOX 17428
AUSTIN, TX  78760-7428

NEWREZ LLC DBA SHELLPOINT
MORTGAGE SVCNG
PO BOX 10826
GREENVILLE, SC  29603-0826

#726

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

IN RE:                                                                CASE NO: 26-70057-M-13
NANCY MARTINEZ                                          CHAPTER 13
DEBTOR

## <u>ORDER OF DISMISSAL</u>

1. On the Chapter 13 Trustee's motion, this case is dismissed.  The Court's reasons for dismissal were stated on the record in open court.

2. The deadline for filing an application for an administrative expense in this case is set at 21 days following entry of this order.  The deadline for filing a motion for allowance of a claim arising under §507 (b) in this case is also set at 21 days following entry of this order.

3. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of an administrative expense under §503, if the new application only seeks allowance of the same professional fees and expenses previously requested .

4. Any prior order directing an employer or other person to pay funds to the Chapter 13 Trustee is terminated.  Any prior order authorizing an ACH or other means of electronic payment is terminated .

5. The Court finds good cause to direct the payment of funds held by the Chapter 13 Trustee at the time of entry of this Order as follows:

    (a)    First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor;

    (b)    Second, to any unpaid Chapter 13 Trustee's statutory compensation;

    (c)    Third, the balance on hand in the Reserves for ad valorem taxes, to the holder of the claim secured by the senior security interest against the propery for which the Reserves were established;

    (d)    Fourth, the balance in any other Reserve account to the debtor;

    (e)    Fifth, to any unpaid payments mandated to be made by the Chapter 13 Trustee under a prior Court order , including but not limited to any mandated adequate protection payments;

    (f)    Sixth, to pay any unpaid fees to Debtor's attorneys and to reserve for any filed applications for which no order has yet been entered; and

    (g)    Seventh, to the Debtor.

   Any party-in-interest objecting to the "for cause" disbributions under this paragraph must file an objection within 14 days of entry of this Order.  The Chapter 13 Trustee will defer making distributions under this paragraph until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.

#726

#726