## REAL ESTATE LIEN NOTE

| | |
|---|---|
| **Date:** | September 18, 2023 |
| **Borrower:** | Nancy R. Martinez |
| **Borrower's Mailing Address:** | 801 Kerria Ave.<br>McAllen, Texas 78501<br>Hidalgo County |
| **Lender:** | Tomas N. Tijerina and Renee S. Martin, Co-Trustees of the Tomas N. Tijerina and Renee S. Martin Living Trust dated March 9, 2010 |
| **Place for Payment:** | Direct payment to Lender Account with Lone Star National Bank Account No. :   8574, or any other place that Lender may designate in writing. |
| **Principal Amount:** | $722,500.00 |
| **Annual Interest Rate:** | Six and One-Half Percent (6.50%) |
| **Maturity Date:** | September 18, 2028 |

**Annual Interest Rate on Matured, Unpaid Amounts:**

Maximum legal rate permitted by law, not to exceed Eighteen Percent (18%).

**Terms of Payment (principal and interest):**

The unpaid Amount of SEVEN HUNDRED TWENTY TWO THOUSAND FIVE HUNDRED AND 00/00THS DOLLARS ($722,500.00) and interest are due and payable in 59 equal monthly installments of FOUR THOUSAND FIVE HUNDRED SIXTY SIX AND 69/100THS DOLLARS ($4,566.69), beginning October 18, 2023 and thereafter on the eighteenth (18th) day of each succeeding month through August 18, 2028 and one final installment on September 18, 2028 in the amount of the unpaid principal and accrued, unpaid interest as of that date. Payments will be applied first to accrued interest and the remainder to reduction of the Principal Amount.

If any installment becomes overdue for more than ten (10) days, at Lender's option, a late payment charge equal to 5% of the amount of the late payment may be charged to Borrower in order to defray the expense of handling the delinquent payment. Borrower will pay this late charge only once on each late installment.

**Security for Payment:**

This note is secured by a vendor's lien and superior title retained in a Warranty Deed with Vendor's Lien from Lender to Borrower dated September 18, 2023 and by a Deed of Trust, of even date from Nancy R. Martinez and spouse, Rodolfo Longoria Martinez to John P. Franke, Trustee, both of which cover the following real property:

Residence Number One Thousand Four Hundred Four (1404), SAPPHIRE CONDOMINIUMS, in the City of South Padre Island, Cameron County, Texas, according to Residential Condominium Declaration dated November 30, 2005, recorded in Volume 12017, Page 81, Official Records of Cameron County, Texas, amended in First Amendment dated July 11, 2008, recorded in Volume 15257, Page 236, Official Records of Cameron County, Texas, and in Supplemental Residential Condominium Declaration dated July 14, 2008, recorded in Volume 15257, Page 247, Official Records of Cameron County, Texas, together with an undivided interest in the general common elements as described in said Residential Declaration.

### Promise to Pay

Borrower promises to pay to the order of Lender the principal amount plus interest at the annual interest rate. This note is payable at the place for payment and according to the terms of payment. All unpaid amounts are due by the maturity date. If any amount is not paid either when due under the terms of payment or on acceleration of maturity, Borrower promises to pay any unpaid amount plus interest from the date the payment was due to the date of payment at the Annual Interest Rate on Matured, Unpaid Amounts.

### Prepayment Clause

Borrower may prepay this note in any amount at any time before the maturity date without penalty or premium. Prepayments will be applied to installments on the last maturing principal, and interest on that prepaid principal will immediately cease to accrue.

### Defaults and Remedies

If Borrower defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due and may exercise all other rights and remedies available at law or in equity. Notwithstanding any other provision of this note, in the event of a default, before exercising any of Lender's remedies under this note or any deed of trust securing it, Lender will first give Borrower written notice of default and Borrower will have ten days after notice is given in which to cure the default. Said written notice of default may be served (i) by depositing the same in the United States mail or with a reputable nationwide delivery service, addressed to the party to be notified, postage prepaid, and overnight, registered or certified with return receipt requested, or (ii) by delivering the same in person to such party. Notice given in accordance with (i) above shall be effective when mailed. Notice given in accordance with (ii) above shall be effective upon receipt at the address of

the addressee or upon refusal to accept delivery (such refusal being evidenced by advice from the courier company or individual used to make delivery).

### *Waivers*

EXCEPT FOR THE LIMITED NOTICE OF DEFAULT PROVIDED FOR ABOVE, BORROWER AND ANY ENDORSERS OR GUARANTORS HEREOF SEVERALLY WAIVE AND RELINQUISH, TO THE EXTENT PERMITTED BY LAW, ALL (1) DEMAND FOR PAYMENT, (2) PRESENTATION FOR PAYMENT, (3) NOTICE OF INTENTION TO ACCELERATE MATURITY, (4) NOTICE OF ACCELERATION OF MATURITY, (5) PROTEST, (6) NOTICE OF PROTEST, (7) RIGHTS UNDER SECTIONS 51.003, 51.004 AND 51.005 OF THE TEXAS PROPERTY CODE, (8) RIGHTS UNDER SECTION 17.001 AND CHAPTER 43 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE AND RULE 31 OF THE TEXAS RULES OF CIVIL PROCEDURE. BORROWER AND ANY ENDORSERS OR GUARANTORS HEREOF SEVERALLY WAIVE AND RELINQUISH, TO THE FULLEST EXTENT PERMITTED BY LAW, ALL RIGHTS TO THE BENEFITS OF ANY MORATORIUM, REINSTATEMENT, MARSHALING, FORBEARANCE, VALUATION, STAY, EXTENSION, REDEMPTION, APPRAISEMENT, EXEMPTION AND HOMESTEAD NOW OR HEREAFTER PROVIDED BY THE CONSTITUTION AND LAWS OF THE UNITED STATES OF AMERICA AND OF EACH STATE THEREOF, BOTH AS TO ITSELF AND IN AND TO ALL OF ITS PROPERTY, REAL AND PERSONAL, AGAINST THE ENFORCEMENT AND COLLECTION OF THE OBLIGATIONS EVIDENCED BY THIS NOTE OR BY THE OTHER LOAN DOCUMENTS.

### *Attorney's Fees*

Borrower also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the annual interest rate on matured, unpaid amounts. Borrower will pay Lender these expenses and interest on demand at the place for payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

### *Usury Savings*

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal amount or, if the principal amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the principal amount or, if the principal amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

## Default

A default exists under this note if (1) (a) Borrower or (b) any other person liable on any part of this note or who grants a lien or security interest on property as security for any part of this note (an "Other Obligated Party") fails to timely pay or perform any obligation or covenant in any written agreement between Lender and Borrower or any Other Obligated Party; (2) any representation in this note or in any other written agreement between Lender and Borrower or any Other Obligated Party is materially false when made; (3) a receiver is appointed for Borrower, any Other Obligated Party, or any property on which a lien or security interest is created as security (the "Collateral Security") for any part of this note; (4) any Collateral Security is assigned for the benefit of creditors; (5) a bankruptcy or insolvency proceeding is commenced by Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; (6) (a) a bankruptcy or insolvency proceeding is commenced against Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party and (b) the proceeding continues without dismissal for sixty days, the party against whom the proceeding is commenced admits the material allegations of the petition against it, or an order for relief is entered; (7) any of the following parties is terminated, begins to wind up its affairs, is authorized to terminate or wind up its affairs by its governing body or persons, or any event occurs or condition exists that permits the termination or winding up of the affairs of any of the following parties:  Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; or (8) any Collateral Security is impaired by loss, theft, damage, levy and execution, issuance of an official writ or order of seizure, or destruction, unless it is promptly replaced with collateral security of like kind and quality or restored to its former condition.

Remittances in payment of any part of this Note other than in the required amount shall not, regardless of any receipt or credit issued therefor, constitute payment until the required amount is actually received by Lender in full in accordance herewith and shall be made and accepted subject to the condition that any check or draft may be handled for collection in accordance with the practice of the collecting bank or banks.  Acceptance by Lender of any payment in an amount less than the full amount then due shall be deemed an acceptance on account only, and the failure to pay the entire amount then due shall be and continue to be an event of default in the payment of this Note.

Upon the occurrence of an event of default and after the passage of any applicable cure period, Lender shall have the immediate right, at the sole discretion of Lender and without notice, demand, presentment, notice of nonpayment or nonperformance, protest, notice of protest, notice of intent to accelerate, notice of acceleration, or any other notice or any other action (ALL OF WHICH BORROWER HEREBY EXPRESSLY WAIVES AND RELINQUISHES) (i) to declare the entire unpaid balance of the indebtedness evidenced by this Note (including, without limitation, the outstanding principal balance hereof, including all sums advanced or accrued hereunder or under any other Loan Document, and all accrued but unpaid interest thereon) at once immediately due and payable (and upon such declaration, the same shall be at once immediately due and payable) and may be collected forthwith, whether or not there has been a prior demand for payment and regardless of the stipulated date of maturity, (ii) to foreclose any liens and security interests securing payment hereof or thereof (including, without limitation, any liens and security interests covering any portion of the Collateral), and (iii) to exercise any of Lender's other rights, powers, recourses and remedies under this Note, under any other Loan Document, or at law or in equity, and the same (w) shall be cumulative and concurrent, (x) may be pursued separately or

*Real Estate Lien Note*
*Page 4 of 6*

concurrently against Borrower or others obligated for the repayment of this Note or any part hereof, or against any one or more of them, or against the Collateral, at the sole discretion of Lender, (y) may be exercised as often as occasion therefor shall arise, it being agreed by Borrower that the exercise, discontinuance of the exercise of or failure to exercise any of the same shall in no event be construed as a waiver or release thereof or of any other right, remedy, or recourse, and (z) are intended to be, and shall be, nonexclusive.

## Other Clauses

Each Borrower is responsible for all obligations represented by this note.

Time is of the essence with respect to all provisions of this Note and the other Loan Documents.

When the context requires, singular nouns and pronouns include the plural.

Interest shall be calculated on the basis of actual days elapsed over a year comprised of 360 days, unless such method of calculation is prohibited by applicable law, in which event interest at the Accrual Rate shall be calculated on the basis of actual days elapsed over a year comprised of 365 days (or 366 days in a leap year).

If any provision of this Note or the application thereof to any person or circumstance shall, for any reason and to any extent, be invalid or unenforceable, then neither the remainder of this Note nor the application of such provision to other persons or circumstances nor the other instruments referred to herein shall be affected thereby, but rather shall be enforced to the greatest extent permitted by applicable law.

In addition to all liens upon and rights of setoff against the money, securities, or other property of Borrower given to Lender that may exist under applicable law, Lender shall have and Borrower hereby grants to Lender a lien upon and a right of setoff against all money, securities, and other property of Borrower, now or hereafter in possession of or on deposit with Lender, whether held in a general or special account or deposit, for safe keeping or otherwise, and every such lien and right of setoff may be exercised without demand upon or notice to Borrower. No lien or right of setoff shall be deemed to have been waived by any act or conduct on the part of Lender, or by any neglect to exercise such right of setoff or to enforce such lien, or by any delay in so doing, and every right of setoff and lien shall continue in full force and effect until such right of setoff or lien is specifically waived or released by an instrument in writing executed by Lender.

To the extent not prohibited by applicable law, the Borrower will pay all costs and expenses and reimburse the Lender for any and all expenditures of every character incurred or expended from time to time, regardless of whether or not a default shall have occurred, in connection with the Lender's evaluating, monitoring, administering and protecting the Collateral, and creating, perfecting and realizing upon the Lender's security interests in any liens on the Collateral and all costs and expenses relating to the Lender exercising any of its rights and remedies hereunder or at law, including, without limitation, all appraisal fees, consulting fees, filing fees, taxes, brokerage fees and commissions, fees incident to security interests, liens and other title searches and reports, escrow fees, attorney's fees, legal expenses, court costs, auctioneer fees and expenses, other fees and expenses incurred in connection with liquidation

or sale of Collateral and all other professional fees.  Any amount to be paid hereunder by the Borrower to the Lender shall be a demand obligation owing by the Borrower to the Lender and, to the extent not prohibited by applicable law, shall bear interest from the date of expenditure until paid at the Annual Interest Rate on Matured, Unpaid Amounts.

This note will be construed under the laws of the state of Texas, without regard to choice-of-law rules of any jurisdiction.

**BALLOON PAYMENT WARNING:**

THIS LOAN IS PAYABLE IN FULL ON OR BEFORE SEPTEMBER 18, 2028.

AT MATURITY, YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE BANK YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME BANK. A NEW APPLICATION FOR REFINANCING MAY BE CONSIDERED AT MATURITY.

THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

Nancy R. Martinez

*Real Estate Lien Note*
*Page 6 of 6*