2023-34025 09/19/2023 9:09 AM Page 11 of 11

## Cameron County
## Sylvia Garza-Perez
### Cameron County Clerk

---

Instrument Number:   2023-34025

eRecording - Real Property

Recorded On: September 19, 2023 09:06 AM                    Number of Pages: 11

---

" Examined and Charged as Follows: "

Total Recording: $72.00

---

\*\*\*\*\*\*\*\*\*\*\* **THIS PAGE IS PART OF THE INSTRUMENT** \*\*\*\*\*\*\*\*\*\*
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

File Information:                                   Record and Return To:

Document Number:     34025                          EPN
Receipt Number:      20230918000176
Recorded Date/Time:  September 19, 2023 09:06 AM
User:                Diana G
Station:             cclerk18_14

---

**STATE OF TEXAS**
**COUNTY OF CAMERON**

I hereby certify that this Instrument was FILED In the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Records of  County, Texas.

Sylvia Garza-Perez
Cameron County Clerk
Cameron County, TX

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## DEED OF TRUST
## SECURITY AGREEMENT - FINANCING STATEMENT

### *Basic Information*

**Date:** September 18, 2023

**Grantor:** Nancy R. Martinez and spouse, Rodolfo Longoria Martinez

**Grantor's Mailing Address:**
801 Kerria Ave.
McAllen, Texas 78501
Hidalgo County

**Trustee:** John P. Franke

**Trustee's Mailing Address:**
8605 Padre Blvd.
South Padre Island, Texas 78597
Cameron County

**Lender:** Tomas N. Tijerina and Renee S. Martin, Co-Trustees of the Tomas N. Tijerina and Renee S. Martin Living Trust dated March 9, 2010

**Lender's Mailing Address:**
3920 N. Shary Road
Palmhurst, Texas 78573
Hidalgo County

**Obligation**

    **Note**

        **Date:** September 18, 2023
        **Original principal amount:** $722,500.00
        **Borrower:** Nancy R. Martinez
        **Lender:** Tomas N. Tijerina and Renee S. Martin, Co-Trustees of the Tomas N. Tijerina and Renee S. Martin Living Trust dated March 9, 2010
        **Maturity date:** As provided therein.
        **Terms of Payment:** As provided therein.

*Deed of Trust*
*Page 1 of 10*

**Other Debt:**       None

**Property (including any improvements):**

Residence Number One Thousand Four Hundred Four (1404), SAPPHIRE CONDOMINIUMS, in the City of South Padre Island, Cameron County, Texas, according to Residential Condominium Declaration dated November 30, 2005, recorded in Volume 12017, Page 81, Official Records of Cameron County, Texas, amended in First Amendment dated July 11, 2008, recorded in Volume 15257, Page 236, Official Records of Cameron County, Texas, and in Supplemental Residential Condominium Declaration dated July 14, 2008, recorded in Volume 15257, Page 247, Official Records of Cameron County, Texas, together with an undivided interest in the general common elements as described in said Residential Declaration.

**Prior Lien:**       None.

**Other Exceptions to Conveyance and Warranty:**

Validly existing easements, rights-of-way, and prescriptive rights, of record; all presently recorded and validly existing instruments, other than conveyances of the surface fee estate that affect the Property; and taxes the current year.

### Clauses and Covenants

**A.     Granting Clause**

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust.  Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty.  On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

**B.     Grantor's Obligations**

*B.1.* Grantor agrees to maintain all property and liability insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and as to property loss, that are payable to Lender under policies containing standard mortgagee clauses, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender before execution of this deed of trust and again at least ten days before the expiration of the Required Insurance Coverages.

*B.2. General Insurance Policy Requirements*

Any reference to an ISO form in this deed of trust is to the most recent edition of the form or equivalent.

The Required Insurance Coverages will (a) be issued by companies reasonably acceptable to Lender, (b) be in a form and with exclusions, endorsements, and amendments acceptable to Lender, and (c) have limits, deductibles, and self-insured retention acceptable to Lender.

Grantor will deliver evidence of the Required Insurance Coverages in a form acceptable to Lender at least ten days before the expiration of the Required Insurance Coverages; the original of each policy, coincident with the execution of this deed of trust; and the original of each renewal policy, not less than ten days before the expiration of the initial policy or each immediately preceding renewal policy. In case of Grantor's failure to keep the Property insured or to provide evidence that the Property is insured, as required herein, Lender, after notice to Grantor, at its option may acquire the Required Insurance Coverages at Grantor's sole expense.

*B.3*  Grantor agrees to-

a.  keep the Property in good repair and condition;

b.  pay all taxes and assessments (including but not limited to all applicable condominium assessments and charges) on the Property before delinquency, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

c.  defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

d.  obey all laws, ordinances, and restrictive covenants applicable to the Property;

e.  keep any buildings occupied as required by the Required Insurance Coverages;

f.  if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

g.  notify Lender of any change of address.

## C.    *Lender's Rights*

*C.1.*    Lender or Lender's mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee.

*C.2.*    If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

*C.3.*    Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the property insurance proceeds available to Grantor for repairs.

*C.4.*    Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

*C.5.*    If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

*C.6.*    **COLLATERAL PROTECTION INSURANCE NOTICE**

**In accordance with the provisions of Section 307.052(a) of the Texas Finance Code, the Beneficiary hereby notifies the Grantor as follows:**

**(A)    the Grantor is required to:**

    **(i)    keep the collateral insured against damage in the amount the Lender specifies;**

    **(ii)    purchase the insurance from an insurer that is authorized to do business in the state of Texas or an eligible surplus lines insurer; and**

    **(iii)    name the Lender as the person to be paid under the policy in the event of a loss;**

**(B)    the Grantor must, if required by the Lender, deliver to the Lender a copy of the policy and proof of the payment of premiums; and**

*Deed of Trust*
*Page 4 of 10*

(C)    if the Grantor fails to meet any requirement listed in Paragraph (A) or (B), the Lender may obtain collateral protection insurance on behalf of the Grantor at the Grantor's expense.

*C.7.*    If a default exists in payment of the Obligation or performance of Grantor obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may-

a.    declare the unpaid principal balance and earned interest on the Obligation immediately due;

b.    exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;

c.    direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

d.    purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

*C.8.*    Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**D.    Trustee's Rights and Duties**

If directed by Lender to foreclose this lien, Trustee will-

*D.1.*    either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

*D.2.*    sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

*D.3.*    from the proceeds of the sale, pay, in this order-

a.    expenses of foreclosure, including a reasonable commission to Trustee;

b.    to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

c.    any amounts required by law to be paid before payment to Grantor; and

d.    to Grantor, any balance; and

*Deed of Trust*
*Page 5 of 10*

*D.4.* be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**E.    General Provisions**

*E.1.* If Lender orders an appraisal of the Property while a default exists or to comply with legal requirements affecting Lender, Grantor, at Lender's request, agrees to reimburse Lender for the cost of any such appraisal. If Grantor fails to reimburse Lender for any such appraisal within ten days of Lender's request, that failure is a default under this deed of trust.

*E.2.* Grantor agrees to execute, acknowledge, and deliver to Lender any document requested by Lender, at Lender's request from time to time, to (a) correct any defect, error, omission, or ambiguity in this deed of trust or in any other document executed in connection with the Note or this deed of trust; (b) comply with Grantor's obligations under this deed of trust and other documents; (c) subject to and perfect the liens and security interests of this deed of trust and other documents any property intended to be covered thereby; and (d) protect, perfect, or preserve the liens and the security interests of this deed of trust and other documents against third persons or make any recordings, file any notices, or obtain any consents requested by Lender in connection therewith. Grantor agrees to pay all costs of the foregoing only when the cause for the necessity of further documents arises from an issue caused by Grantor or Grantor's failure to perform its obligations under this deed of trust; Lender will pay all costs of the foregoing in all other instances.

*E.3.* If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor does not, Grantor will be a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

*E.4.* Recitals in any trustee's deed conveying the Property will be presumed to be true.

*E.5.* Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

*E.6.* This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

*E.7.* If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

*E.8.* Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release

any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

E.9.    Grantor collaterally assigns to Lender all present and future rent from the Property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the Obligation and performance of this deed of trust, but if the rent exceeds the amount due with respect to the Obligation and the deed of trust, Grantor may retain the excess. If a default exists in payment of the Obligation or performance of this deed of trust, Lender may exercise Lender's rights with respect to rent under the Texas Property Code as then in effect. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent collected under this paragraph as required by the Texas Property Code as then in effect. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies.

E.10.   Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

E.11.   In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

E.12.   When the context requires, singular nouns and pronouns include the plural.

E.13.   The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

E.14.   Grantor represents to Lender that no part of the Property is either the residential or business homestead of Grantor and that Grantor neither permanently resides nor intends to permanently reside in nor conducts nor intends to conduct business on the Property. Grantor renounces all present rights to a homestead exemption for the Property. Grantor's homestead and residence is LOT 12, J.W. MARTIN, Hidalgo County, Texas, as per map or plat thereof recorded in Volume 13, Page 18, Hidalgo County, Texas, known as 801 Kerria Ave., McAllen, Texas 78501. Grantor acknowledges that Lender relies on the truth of representations in this paragraph in making the loan secured by this deed of trust. Nothing contained herein shall limit Grantor's right to claim the Property as a homestead once this deed of trust is released.

*E.15.* If requested by Lender, Grantor will deposit with Lender or other holder of the Note, in addition to the principal and interest installments, a pro rata part of the estimated annual ad valorem taxes on the Property and a pro rata part of the estimated annual insurance premiums for the improvements on the Property. These tax and insurance deposits are only estimates and may be insufficient to pay total taxes and insurance premiums. Grantor must pay any deficiency within thirty days after notice from Lender or other holder of the Note. Grantor's failure to pay the deficiency will constitute a default under the Deed Trust. If any superior lienholder on the Property is collecting escrow payments for taxes and insurance, this paragraph will be inoperative as long as payments are being made to the superior lienholder.

*E.16.* If the Property is transferred by foreclosure, the transferee will acquire title to all insurance policies on the Property, including all paid but unearned premiums.

*E.17.* Grantor agrees to allow Lender or Lender's agents to enter the Property at reasonable times and inspect it and any personal property in which Lender is granted a security interest by this deed of trust.

*E.18.* GRANTOR MAY FURNISH ANY INSURANCE REQUIRED BY THIS DEED OF TRUST EITHER THROUGH EXISTING POLICIES OWNED OR CONTROLLED BY GRANTOR OR THROUGH EQUIVALENT COVERAGE FROM ANY INSURANCE COMPANY AUTHORIZED TO TRANSACT BUSINESS IN TEXAS.

*E.19.* If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the debt secured by this deed of trust immediately payable and invoke any remedies provided in this deed of trust for default.

*E.20.* This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

*E.21.* If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

*E.22.* NOTWITHSTANDING ANY OTHER PROVISION OF THIS DEED OF TRUST, IN THE EVENT OF A DEFAULT, BEFORE EXERCISING ANY OF LENDER'S REMEDIES UNDER THE NOTE OR THIS DEED OF TRUST, LENDER WILL FIRST GIVE GRANTOR WRITTEN NOTICE OF DEFAULT AND GRANTOR WILL HAVE TEN DAYS AFTER NOTICE IS GIVEN IN WHICH TO CURE THE DEFAULT. Said written notice of default may be served (i) by depositing the same in the United States mail or with a reputable nationwide delivery service, addressed to the party to be notified, postage prepaid, and overnight, registered or certified with return receipt requested, or (ii) by delivering the same in person to such party. Notice given in accordance with (i) above shall be effective when mailed. Notice given in accordance with (ii) above shall be effective upon receipt at the address of the addressee or upon refusal to accept delivery (such refusal being evidenced by advice from the courier company or individual used to make delivery). EXCEPT FOR THE LIMITED NOTICE OF

*Deed of Trust*
*Page 8 of 10*

DEFAULT PROVIDED FOR ABOVE, GRANTOR AND ANY ENDORSERS OR OBLIGORS HEREOF SEVERALLY WAIVE AND RELINQUISH, TO THE EXTENT PERMITTED BY LAW, ALL (1) DEMAND FOR PAYMENT, (2) PRESENTATION FOR PAYMENT, (3) NOTICE OF INTENTION TO ACCELERATE MATURITY, (4) NOTICE OF ACCELERATION OF MATURITY, (5) PROTEST, (6) NOTICE OF PROTEST, (7) RIGHTS UNDER SECTIONS 51.003, 51.004 AND 51.005 OF THE TEXAS PROPERTY CODE, (8) RIGHTS UNDER SECTION 17.001 AND CHAPTER 43 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE AND RULE 31 OF THE TEXAS RULES OF CIVIL PROCEDURE.   GRANTOR AND ANY ENDORSERS OR OBLIGORS HEREOF SEVERALLY WAIVE AND RELINQUISH, TO THE FULLEST EXTENT PERMITTED BY LAW, ALL RIGHTS TO THE BENEFITS OF ANY MORATORIUM,   REINSTATEMENT,   MARSHALING,   FORBEARANCE, VALUATION, STAY, EXTENSION, REDEMPTION, APPRAISEMENT, EXEMPTION AND HOMESTEAD NOW OR HEREAFTER PROVIDED BY THE CONSTITUTION AND LAWS OF THE UNITED STATES OF AMERICA AND OF EACH STATE THEREOF, BOTH AS TO ITSELF AND IN AND TO ALL OF ITS PROPERTY, REAL AND PERSONAL, AGAINST THE ENFORCEMENT AND COLLECTION OF THE OBLIGATIONS EVIDENCED BY THIS NOTE OR BY THE OTHER LOAN DOCUMENTS.

E.23.   Grantor will have full recourse liability for repayment of the principal and interest of the Note and the performance of all covenants and agreements of Grantor in this Deed of Trust.

E.24.   Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if an attorney is retained for its enforcement.

E.25.   If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

E.26.   The term Lender includes any mortgage servicer for Lender.

E.27.   Grantor hereby grants Lender a right of first refusal with respect to Grantor's power to authorize any third party (other than Lender pursuant to its rights as set forth in this instrument) to pay ad valorem taxes on the Property and authorize a taxing entity to transfer its tax lien on the Property to that third party. Grantor's authorization to any third party (other than Lender) to pay the ad valorem taxes and receive transfer of a taxing entity's lien for ad valorem taxes shall be null and void and of no force and effect unless Lender, within ten days after receiving written notice from Grantor, fails to pay the ad valorem taxes pursuant to Lender's rights as set forth in this instrument.

E.28.   Grantor represents that this deed of trust and the Note are given for the following purposes:

The debt evidenced by the Note is in part payment of the purchase price of the Property; the debt is secured by this deed of trust and by a vendor's lien on the Property, which is expressly retained in a deed to Grantor Nancy R. Martinez of even date given by Lender. This deed of trust does not waive the vendor's lien, and the two liens and the rights created by this deed of trust are cumulative. Lender may elect to foreclose under either of the liens without waiving the other or may foreclose under both.

Executed on the date of the acknowledgment set forth below, to be effective on the first date written above.

_____
Nancy R. Martinez

_____
Rodolfo Longoria Martinez

STATE OF TEXAS            §
                          §
COUNTY OF CAMERON         §

This instrument was acknowledged before me on September 18, 2023 by Nancy R. Martinez.



JOHN P FRANKE II
Notary ID #125765430
My Commission Expires
December 9, 2026

_____
Notary Public, State of Texas

STATE OF TEXAS            §
                          §
COUNTY OF CAMERON         §

This instrument was acknowledged before me on September 18, 2023, by Rodolfo Longoria Martinez.



JOHN P FRANKE II
Notary ID #125765430
My Commission Expires
December 9, 2026

_____
Notary Public, State of Texas

PREPARED IN THE OFFICE OF:

THE FRANKE LAW FIRM, P.C.
8605 Padre Blvd.
South Padre Island, Texas 78597

AFTER RECORDING RETURN TO:

Tomas N. Tijerina and Renee S. Martin, Trustees
3920 N. Shary Road
Palmhurst, Texas 78573

*Deed of Trust*
*Page 10 of 10*